# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER LEVIN,<br><br>　　　　Petitioner,<br><br>v.<br><br>NV TRANSPORTATION AUTHORITY,<br><br>　　　　Respondent. | 3:15-cv-00618-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is petitioner's application to proceed *in forma pauperis* (ECF No. 1), *pro se* petition for writ of habeas corpus and writ of mandamus (ECF No. 1-1), motion for a preliminary injunction (ECF NO. 6), and motion for the court to delay service and to issue search warrants (ECF No. 7). For the reasons discussed below, the court recommends that petitioner's application to proceed *in forma pauperis* be granted, and that his petition and remaining motions be dismissed.

## I.   *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in petitioner's application, the court finds that he is unable to pay the filing fee in this matter. Therefore, the court recommends that the application to proceed *in forma pauperis* be granted.

## II.   LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure

12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court considers the pleadings, the exhibits attached to the complaint, and matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In its evaluation, the court will accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in the light most favorable to the petitioner. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, the *pro se* petitioner should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.   DISCUSSION

**A.   Background Allegations**

Petitioner, a resident of Cheyenne, Wyoming, seeks through the instant action to challenge a citation and conviction issued against him by the Nevada Transportation Authority ("NTA"). (ECF No. 1-1 at 6.) As described in the petition, petitioner paid for an advertisement in the classifieds section of the *Big Nickel Newspaper* in Reno, Nevada for a furniture moving business. (*Id.* at 9.) Petitioner did not yet have a business license, but allegedly placed the ad in order learn

1    whether there was sufficient interest to justify such an investment. (*Id.*) The ad ran on February
2    26, 2015. (*Id.* at 10.)

3        Eleven days later petitioner received a call from a man seeking to move furniture to a new
4    apartment. (*Id.*) Petitioner advised the caller that he could not actually move any furniture since
5    he did not have a license. (*Id.*) The caller asked him to come to the apartment nevertheless to
6    provide an estimate for what the move might cost, and petitioner agreed. (*Id.*) The next day,
7    petitioner and a friend were stopped by an NTA officer as they arrived at the caller's address. (*Id.*
8    at 10–11.) The officer impounded petitioner's truck and wrote him a citation for operating a
9    regulated carrier without a license and unlawful advertising in violation of Nev. Rev. Stat. §§
10   706.386 and 706.758. (*Id.* at 11, 47–48, 129–34.)

11       Petitioner appeared at a hearing in Reno before NTA Commissioner Sakelhide on April 9,
12   2015. (*Id.* at 16, 129.) Petitioner requested that defense counsel be appointed on his behalf, but
13   was informed that he would have to obtain counsel himself. (*Id.*) At the conclusion of the
14   hearing, the Commissioner found that petitioner had violated Nev. Rev. Stat. §§ 706.386 and
15   706.758, and that impoundment of his truck was proper. (*Id.* at 132.) As a result, petitioner was
16   fined a total of $6,000, with $2,000 suspended pending timely payment and no further § 706
17   violations within one year. (*Id.* at 133.)

18       Petitioner alleges that the events described above violated his First Amendment right to
19   free speech, his Fourth Amendment right to be secure against unreasonable search and seizure,
20   his Sixth Amendment right to counsel, and his right to due process of law. (*Id.* at 18–22.) The
21   petition requests that this court enjoin monthly collection of fine payments and the addition of
22   daily vehicle storage fees, issue search warrants to reclaim evidence, examine the police and
23   hearing record for prejudice, overturn the NTA decision, and order NTA to return his truck. (*Id.*
24   at 35.)

25   **B.    Writ of Habeas Corpus**

26       The basic purposes underlying the writ of habeas corpus are to protect individuals from
27   unconstitutional convictions and "to guarantee the integrity of the criminal process by assuring
28   that trials are fundamentally fair." *O'Neal v. McAninch*, 513 U.S. 432, 442 (1995). To preserve

the writ for "severe restraints on individual liberty," district court habeas jurisdiction is limited to petitioners who are "in custody." *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973); 28 U.S.C. §§ 2241(c), 2254(a), 2255(a). As such, whether a petitioner meets that requirement is "the first question we must consider." *Bailey v. Hill*, 559 F.3d 976, 978 (9th Cir. 2010) (internal quotation omitted).

The Supreme Court has interpreted the statutory language to require that a petitioner "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (9th Cir. 1989). A petitioner need not be physically confined to be "in custody," *id.*, provided that the restraint on his liberty is one not shared by the public generally, *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Petitioner has not cited, and the court has not found, precedent for finding his outstanding fine sufficient. Rather, this Circuit and others have consistently reached the opposite conclusion. *See, e.g.*, *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("[T]he monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes."); *Bailey*, 599 F.3d at 979 ("We have repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements."); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996) (finding that a monetary fine "does not meet the 'in custody' requirement of § 2255"); *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (same); *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990) (same). Because petitioner is not in custody, the court is without jurisdiction to consider his petition.

A second prerequisite to habeas review requires a petitioner in state custody to fully exhaust "the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "This exhaustion requirement is 'grounded in principles of comity' as it gives states 'the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 702, 731 (1991)). To properly exhaust, a petitioner must "fairly present[] his claim in the state courts . . ." *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.") Petitioner concedes that he has made no attempt to exhaust state remedies, either by appealing the decision within the agency or seeking review from a state court. Instead, he argues that such efforts would be counterproductive or futile, as an administrative appeal would allow the agency to "destroy evidence," and "[m]isdemeanor cases may not be appealed outside of the county to utilize state appellate courts." (#1-1 at 27.) The court finds neither excuse to be based in law or fact. Accordingly, the availability of state remedies provides a second reason to dismiss the petition.

C.     **Writ of Mandamus**

 "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). "Mandamus is an extraordinary remedy[,] . . . appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal citation and quotation omitted). Further, the statute limits the district court's jurisdiction to writs of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.

In this matter, petitioner has not named any officers or employees of the United States as respondents. The federal courts lack jurisdiction to issue mandamus relief directed at a state or its agencies. *See Demo*s *v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991). A petition seeking such relief is frivolous as a matter of law. *Id.* Therefore, the petition for writ of mandamus must be dismissed.

D.     **42 U.S.C. § 1983**

The allegations of the petition suggest that petitioner may have intended to submit a civil rights complaint under 42 U.S.C. § 1983. Section 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v.*

*Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

It is well-established, however, that the Eleventh Amendment bars suits against state agencies "for all types of relief, absent unequivocal consent." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). "Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment." *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982). Moreover, state agencies are not considered "persons" within the meaning of § 1983. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citing *Will v. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). NTA is a Nevada state agency. *Azpilcueta v. Nevada ex rel. Transp Auth.*, No. 3:09-CV-00593-LRH-VPC, 2010 WL 2681855, at *4 (D. Nev. July 2, 2010). Therefore, were the court to construe the petition as a civil rights complaint, it would still find his claims to be barred.

**E.     Additional Motions**

On June 9, 2016, petitioner filed a motion for an injunction, seeking the court's assistance in recovering his truck from impoundment. (ECF No. 6.) Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Such remedies are disfavored, as they are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In circumstances where the likelihood of success is uncertain because of "serious

1  questions" relating to the merits of the case, but irreparable injury is likely and the balance of
2  hardships "tips sharply" in the movant's favor, the Ninth Circuit also employs a "sliding scale"
3  test. *Cottrell*, 632 F.3d at 1134–35. Thereunder, an injunction is appropriate where the other
4  three factors weigh heavily in the movant's favor and the "costs outweigh the benefits of not
5  granting an injunction." *Id.* at 1133–34 (discussing *Citigroup Global Mkts., Inc. v. VCG Special
6  Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)). Petitioner's motion makes no
7  attempt to establish his entitlement to relief under the *Winter* factors. Moreover, in light of the
8  court's recommendation that his petition be dismissed with prejudice, the motion for injunctive
9  relief is likely moot. Therefore, the court recommends the motion be denied.

10  Petitioner also filed a "motion for [the] court to agree" that "'certificate of service' is
11  delayed to protect evidence in this case" and a "motion for [a] court order for warrants to be
12  issued . . . ." (ECF No. 7.) Therein, petitioner explains his belief that the court must obtain
13  evidence by way of a warrant before it is altered, presumably by the NTA. (*Id.* at 2.) The
14  motions should be denied for two reasons. First, petitioner appears to miscomprehend the nature
15  of a search warrant, which is issued "[a]t the request of a federal law enforcement officer or by an
16  attorney for the government" upon a showing of probable cause. Fed. R. Crim. P. 41. This court
17  has no authority to issue a warrant in response to a motion by a private individual. Second,
18  because the court has recommended that the petition for writ of habeas corpus and writ of
19  mandamus be dismissed, the motion should be denied as moot.

### IV.  CONCLUSION

21  Consistent with the foregoing, the court finds that it lacks jurisdiction to grant the
22  requested writ of habeas corpus or writ of mandamus. Because no amendment by petitioner
23  could change the result, and because the petition is legally frivolous, the dismissal should be with
24  prejudice.

25  The parties are advised:

26  1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
27  Practice,  the parties may file specific written objections to this Report and Recommendation
28  within fourteen days of receipt. These objections should be entitled "Objections to Magistrate

Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the petition (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the petition for writ of habeas corpus and writ of mandamus (ECF No. 1-1) be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that petitioner's motion for a preliminary injunction (ECF No. 6) and "motion for the court to agree. . ." (ECF No. 7) be **DENIED;**

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: June 16, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**